(No. 94-CC-2555–)

SHEFSKY & FROELICH, LTD., Claimant, *v.*
THE STATE OF ILLINOIS, Respondent.

*Order filed June 29, 1994.*

*Opinion filed April 29, 1997.*

SHEFSKY & FROELICH, LTD., *pro se*, for Claimant.

JIM RYAN, Attorney General (MICHAEL ROCKS, Assistant Attorney General, of counsel), for Respondent.

## ORDER

SOMMER, C.J.

Claimant Shefsky & Froelich, Ltd., a law firm, brought this claim seeking payment of $30,000 in legal fees and $286.67 in costs for representing the Respondent's Department of Financial Institutions (DFI) in a proceeding to determine where unclaimed tax refunds should be sent. Claimant alleged in its standard lapsed appropriation form complaint that demand for payment was made to DFI but the demand was refused on the grounds that the funds appropriated for the payment had lapsed. The Respondent filed a stipulation agreeing to entry of an award in the full amount sought. The claim is now before the Court for approval of the stipulation.

The Court is not bound by such stipulations and, based on the record herein, we cannot approve the one at bar.

The record indicates that the Claimant had no written contract with DFI to perform the services. For the same reasons that DFI could not make payment in the absence of a contract, the Court cannot make an award. Pursuant to sections 9.01 and 10 of the Illinois Purchasing Act (30 ILCS 505/9.01, 505/10), such agreements must be reduced to writing and if not then they are void. Failure to comply with the Illinois Purchasing Act in this instance also runs afoul of section 11 of the State Comptroller Act, 15 ILCS 405/11.

Thus, we are constrained by law to disapprove the stipulation. However, for purposes of possible further consideration of this matter by the General Assembly and in fulfillment of our responsibilities as an advisory body to the General Assembly we point out that the record indicates the following:

1. At the request of DFI, the Attorney General did appoint the Claimant Special Attorney General to handle the case.

2. DFI received $300,000 in unclaimed assets.

3. Billings in this claim spanned three fiscal years, including FY94, and DFI lapsed or had a projected lapse balance in a contractual line in excess of $1,000,000 in each of those years.

4. DFI has stated it would have made the payment had a contract been executed, and DFI has stated it agrees that this claim is valid.

5. Any appropriation to pay this claim should be made from Fund No. 054.

Wherefore, it is hereby ordered that the stipulation at bar be, and hereby is, disapproved.

## OPINION

SOMMER, C.J.

The Claimant's complaint seeks $30,286.67 for services provided to the Department of Financial Institutions (DFI). A departmental report, dated April 5, 1994, agreed that this is a valid claim. On May 23, 1994, the Respondent filed a stipulation, agreeing to an entry of an award.

On June 29, 1994, this Court entered an order disapproving the stipulation. This Court found that the Claimant had no written contract with DFI to perform the services. Pursuant to sections 9.01 and 10 of the Illinois Purchasing Act, such agreements must be reduced to writing and, if not, they are void. (30 ILCS 505/9.01, 505/10.) The parties do agree that the Claimant provided the services claimed over the three fiscal years at the request of DFI and with the appointment by the Attorney General.

A hearing was conducted on October 17, 1996. The Respondent appeared through its counsel, Mr. Michael Rocks, Assistant Attorney General, and Mr. Howard A. Davis appeared on behalf of the Claimant. The parties waived the right to have a court reporter present and a transcript made. Mr. Davis had verified the complaint. He identified the 11 pages of group exhibit A and invoice for period through August 31, 1993, attached to the complaint. Mr. Davis testified that he either provided most of the services or was familiar enough with the services provided to know the billings accurately reflect the amount of time expended on behalf of the State.

The parties agreed that the Claimant would submit documents in support of its claim. The Respondent would then have the right to respond with the Claimant maintaining a right to reply.

The Claimant filed a letter, dated November 7, 1996, containing certain information and two additional documents. According to the Claimant, the services were provided to DFI in regard to the *Shapiro v. Barnett* litigation. The Claimant's letter indicates that $30,572 (differing from the $30,286.47 claimed in the complaint, exhibits, and stipulation) is claimed and can be separated by fiscal year as follows: (a) FY92—$10,146.50; (b) FY93—$15,846.59 and (c) FY94—$4,479. Attached to the Claimant's letter is a copy of a January 11, 1993, letter from Mr. Davis to the general counsel of DFI. The letter recounts a conversation the two had wherein the general counsel agreed that DFI would pay the Claimant a contingent fee of ten percent plus costs based on monies collected by DFI from the *Shapiro* case, for the services provided to DFI. The copy of the January 11, 1993, letter was not executed by the general counsel or anyone else on behalf of the Respondent. Also attached to the Claimant's letter is a March 15,

1993, interoffice memorandum. The Claimant's memorandum states that on March 11, 1993, the general counsel for DFI called to inform Mr. Davis that the Claimant would be paid for representing the Department on the 10% contingent fee basis set forth in the prior letter to the general counsel.

The Respondent did not file any letters, briefs or other written material. The Respondent has not disputed, and even agrees with, the facts as presented by the Claimant.

The record contains sufficient information to support a finding that an agreement was formed between the parties. It was an oral agreement, the terms of which are represented by the January 11, 1993, letter. In a suit involving parties other than the State of Illinois, such an agreement could be enforceable against both parties. However, the Illinois Purchasing Act (30 ILCS 505/9.01, 505/10) declares such "agreement" to be void. But for the statutory provisions, as previously cited by the Court, the Claimant would have an enforceable right. This Court, however, finds that the Claimant did provide the services and that the 10% contingent fee plus costs, supported by the number of hours of service indicated in the Claimant's document is reasonable in the amount of $30,286.67.

It is therefore ordered that this claim is denied. However, it is recommended that the Claimant present this claim to the General Assembly for consideration of payment. This Court has found that the Claimant did provide services to the State at the State's request and that such services are reasonably valued at $30,286.67. Any payment should be from the fund prefixed 054, and not from the general revenue fund.